**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MAURICE HALTIWANGER,<br><br>    Defendant. | No. CR07-4037-MWB<br><br>**ORDER CONCERNING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S OBJECTION TO PLAINTIFF'S § 851 NOTICE** |

## *I. INTRODUCTION AND BACKGROUND*

On July 18, 2007, an indictment was returned against defendant Maurice Haltiwanger, charging defendant Haltiwanger with conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and distributing and aiding and abetting the distribution of 1.5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. On January 6, 2009, the prosecution filed a notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851(a). In its notice, the prosecution indicates that it intends to rely on defendant Haltiwanger's November 2001conviction in Kansas District Court in Wyandotte County, Kansas, for failure to affix a drug tax stamp, in violation of Kansas law, Kansas Statutes Annotated § 79-504. Prosecution Notice at 1, Docket No. 71. On February 3, 2009, defendant Haltiwanger filed a response to the prosecution's notice, pursuant to 21 U.S.C. § 851(c). In his response, defendant Haltiwanger contends his Kansas tax stamp conviction cannot, as a matter of law, form the basis for an enhanced sentence. Defendant Haltiwanger contends that because he could not have been sentenced to more than seven months imprisonment under Kansas law, the offense does not qualify as a "prior conviction

for a felony drug offense" for purposes of the federal sentence enhancement statute.

This matter was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted a hearing, as required by 21 U.S.C. § 851(c)(1), and then, on February 11, 2009, filed a thorough and comprehensive Report and Recommendation in which he recommended that defendant Haltiwanger's objections to the prosecution's § 851 notice be sustained. Judge Zoss concluded that, under Kansas's sentencing matrix, the maximum sentence of imprisonment to which Haltiwanger could have been sentenced was seven months. Judge Zoss, therefore, concluded that defendant Haltiwanger's Kansas conviction did not qualify as a prior felony drug offense for purposes of the federal enhancement statute. The prosecution has filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see*

3

*Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge

for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[1]

---

[1] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions
(continued…)

As noted above, the prosecution has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Haltiwanger's objection to the prosecution's § 851 notice.

### B. *Objections To Report and Recommendation*

The prosecution objects to Judge Zoss's interpretation of the Tenth Circuit Court of Appeals's decision in *United States v. Hill*, 539 F.3d 1213, 1219-21 (10th Cir. 2008). Specifically, the prosecution contends that the *Hill* decision supports the proposition that in determining whether an offense constitutes a prior "felony drug offense" for the purposes of 21 U.S.C. § 841(b)(1)(A), the court must examine the *possible* punishment for an offense, and not the individual sentencing characteristics of a particular defendant. The government asserts when such an approach is applied to defendant Haltiwanger's Kansas conviction for failure to affix a drug tax stamp, that conviction must be found to constitute a prior felony drug offense for the purposes of § 841(b)(1)(A) because that offense carried a possible maximum penalty of thirteen months imprisonment.

The United States Supreme Court held last year that, for the purposes of applying the mandatory sentencing enhancements of § 841(b)(1), the term "felony drug offense" "is

---

[1](…continued)
involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

defined exclusively by [21 U.S.C.] § 802(44)." *Burgess v. United States*, 128 S. Ct. 1572, 1575 (2008). Section 802(44) defines the term "felony drug offense" to mean:

> [A]n offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44).

In its *Hill* decision, the Tenth Circuit Court of Appeals provided the following overview of Kansas's sentencing scheme:

> Kansas enacted the Kansas Sentencing Guidelines Act "to reduce prison overcrowding by making a distinction between more serious and less serious offenders." *State v. Gould,* 271 Kan. 394, 23 P.3d 801, 811 (2001). The Kansas guidelines also serve to standardize sentences so that like offenders are treated in a like fashion. *Id.* "The determination of a felony sentence is based on two factors: the current crime of conviction and the offender's prior criminal history." *Id.* The Kansas sentencing guidelines employ a grid, which is a two-dimensional chart. The grid's vertical axis lists the various levels of crime severity, ranging from I to IX for non-drug offenses. Kan. Stat. Ann. § 21-4704. The horizontal axis is the criminal history scale, which classifies various criminal histories. *Id.* To determine an offender's presumptive sentence, one must consult the grid box at the juncture of the severity level of the crime for which the defendant was convicted and the offender's criminal history category. *Id.*; *see also Gould,* 23 P.3d at 811.

*Hill*, 539 F.3d at 1215 (footnote omitted).

Defendant Haltiwanger's 2001 drug tax stamp conviction constituted a "level 10 felony" under Kansas law. KAN STAT. ANN. § 79-5208. Under Kansas's sentencing scheme, the sentencing range for a level 10 felony under the Kansas guidelines was five to thirteen months, depending on the defendant's criminal history category. *See*

Sentencing Range Chart, Dkt. No. 80-4, at 1. Defendant Haltiwanger's criminal history placed him in Category I, making his sentencing range five to seven months. *Id.*; Kansas Presentence Investigation Report Face Sheet, Dkt. No. 80-3, at 1. Defendant Haltiwanger was sentenced to one year of probation for his tax stamp conviction. From this, defendant Haltiwanger contends that his Kansas tax stamp violation does not qualify as a felony drug offense because, in light of his particular circumstances at the time of his conviction, he was not exposed to a sentence that was punishable by imprisonment for more than one year.

The Eighth Circuit Court of Appeals recently rejected such an argument in *United States v. Guzman-Tlaseca*, 546 F.3d 571, 579 (8th Cir. 2008). In *Guzman-Tlaseca*, the defendant pled guilty in Utah to illegal possession of a controlled substance, third degree, and received a five-year suspended sentence. *Id.* The Utah statute at issue in *Guzman-Tlaseca* "imposes an 'indeterminate' sentence '[i]n the case of a felony of the third degree . . . for a term not to exceed five years.'" *Id.* (quoting Utah Code Ann. § 76-3-203(3)). The defendant contended that his Utah conviction was not a "'felony drug offense' under federal law because a third degree felony conviction in Utah might result in less than a one-year sentence." *Guzman-Tlaseca*, 546 F.3d at 579. In rejecting the defendant's argument in *Guzman-Tlaseca*, the court of appeals explained as follows:

> Federal law defines "felony drug offense" as one "punishable by imprisonment for more than one year . . . ." 21 U.S.C. § 802(44). As the Ninth Circuit has held, "in determining whether a state conviction is punishable for more than one year's imprisonment for purposes of a federal criminal statute predicated on a prior felony conviction or for federal sentencing purposes, we look to the maximum penalty allowed by [the state] statute." *United States v. Murillo,* 422 F.3d 1152, 1153-54 (9th Cir. 2005), *cert. denied* 547 U.S. 1119, 126 S. Ct. 1928, 164 L. Ed. 2d 677 (2006). Third degree possession of a controlled substance in Utah may result in a

> maximum five-year sentence. Utah Code Ann. § 76-3-203(3). Thus, the offense is punishable by imprisonment for more than one year.

*Id*.

Thus, defendant Haltiwanger's argument is foreclosed by *Guzman-Tlaseca*. Under Kansas's sentencing scheme, a drug stamp conviction, as a level 10 felony, may result in a maximum sentence of 13 months. Thus, the offense is punishable by imprisonment for more than one year. Accordingly, defendant Haltiwanger's Kansas conviction qualifies as a predicate drug offense. *See Guzman-Tlaseca*, 546 F.3d at 579; *United States v. Murillo,* 422 F.3d 1152, 1153-54 (9th Cir. 2005) (holding that "the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after *Blakely,* the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines."), *cert. denied* 547 U.S. 1119 (2006); *see also Hill*, 539 F.3d at 1221 (holding that defendant's prior Kansas conviction for criminal possession of firearm was punishable by imprisonment for term exceeding one year where statutory maximum term of imprisonment for offense was twenty-three months, even though, based on defendant's criminal history, his presumptive sentence range was nine to eleven months); *United States v. Crawford*, 520 F.3d 1072, 1080 (9th Cir. 2008) (holding that defendant's conviction under California law for conspiracy to deliver crack cocaine qualified as a predicate controlled substance offense under the career offender sentencing guideline where the maximum term for the crime was imprisonment for ten years.). Therefore, the court sustains the prosecution's objection to Judge Zoss's Report and Recommendation, overrules defendant Haltiwanger's objection to the prosecution's § 851 notice concerning defendant Haltiwanger's Kansas state court tax stamp conviction, and concludes that

defendant Haltiwanger's Kansas state court tax stamp conviction meets the federal definition of a "felony drug offense".
.

### III.  CONCLUSION

Therefore, for the reasons set forth above, the court, rejects Judge Zoss's Report and Recommendation, overrules defendant Haltiwanger's objection to the prosecution's § 851, and concludes that defendant Haltiwanger's Kansas state court tax stamp conviction meets the federal definition of a "felony drug offense".

**IT IS SO ORDERED.**

**DATED** this 23rd day of February, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA